United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GBOWEH DICKSON GEORGE, § <br> (TDCJ-CID #01820889) § <br> § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> LORIE DAVIS, § <br> § <br> § <br> Respondent. § | CIVIL ACTION NO. H-16-2004 |

**MEMORANDUM ON DISMISSAL**

Gboweh Dickson George has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his 2012 conviction and sentence. He challenges a conviction in the 176th Judicial District Court of Harris County, Texas. On November 1, 2012, the court convicted George of murder. (Cause Number 1302726). The court sentenced George to seventy-five years imprisonment.

On October 23, 2015, George filed a federal petition for a writ of habeas corpus, Civil Action Number H-15-3137, challenging his conviction. On April 7, 2016, this court denied George's claims on the merits.

In the instant federal petition filed on July 5, 2016, George challenges the same conviction and sentence on the ground that he never received a court-ordered competency hearing. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte. Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction

to consider George's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider George's successive application, and therefore, this court lacks jurisdiction to consider George's habeas claims.[1]

George's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction.

SIGNED at Houston, Texas, on Aug. 30, 2016.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From George's litigation history, the court determines that George is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.